**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KAMIL FUDALI AND MAGDALENA JARONCZYK,<br><br>PLAINTIFFS,<br><br>V.<br><br>THE VILLAGE OF OAK LAWN, OFFICER THOMAS CULHANE, BADGE NO. 2168, AND OFFICER NICHOLAS RICHTER, BADGE NO. 2185,<br><br>DEFENDANTS. | ) | CASE NO.: 23-cv-2886<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE SUPPLEMENTAL CLAIMS<br><br>**JURY DEMANDED** |

## COMPLAINT AT LAW

Plaintiffs Kamil Fudali and Magdalena Jaronczyk, by and through their attorneys, Ed Fox & Associates, Ltd., file the following Complaint:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this Judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiffs Kamil Fudali ("Plaintiff Fudali") and Magdalena Jaronczyk ("Plaintiff Jaronczyk") (collectively "Plaintiffs") were within the jurisdiction of this Court.

4. At all times mentioned herein, Defendants Officer Thomas Culhane, Badge No. 2168 ("Defendant Culhane"), and Officer Nicholas Richter, Badge No. 2185 ("Defendant Richter") (collectively "Defendant Officers"), were both employed by the Village of Oak Lawn Police Department and acted under the color of state law and as the employees, agents, or representatives of the Village of Oak Lawn Police Department. Plaintiffs are suing Defendant Officers in their individual capacities.

5. At all times mentioned herein, the Village of Oak Lawn was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times mentioned herein, the Village of Oak Lawn maintained, managed, and/or operated the Oak Lawn Police Department.

## FACTUAL ALLEGATIONS

6. On or about March 6, 2023, Plaintiffs were lawfully driving near 5606 West 95th Street, Oak Lawn, Illinois.

7. Defendant Culhane conducted a traffic stop on Plaintiffs' vehicle.

8. Defendant Culhane commanded Plaintiff Jaronczyk to step out of the vehicle and walk backward, and Plaintiff Jaronczyk complied and was handcuffed.

9. Defendant Culhane commanded Plaintiff Fudali to step out of the vehicle and walk backward, and Plaintiff Fudali complied and was handcuffed by Defendant Richter.

10. Plaintiffs informed the officers, including Defendant Officers, that there was a pepper ball gun inside the vehicle.

11. Defendant Culhane and other officers searched the vehicle and found and identified the pepper ball gun.

12. Defendant Officers continued to search the vehicle without just cause after finding and identifying the pepper ball gun.

13. Defendant Officers kept Plaintiffs handcuffed without just cause for an unreasonable amount of time after finding and identifying the pepper ball gun.

14. Defendant Officers harassed and ridiculed Plaintiffs for possessing a pepper ball gun.

15. Defendant Officers eventually released Plaintiffs without charging them with any violations of the law, indicating their innocence.

16. As a direct and proximate result of the above actions and omissions by Defendant Officers, Plaintiffs suffered significant injuries, including loss of liberty, invasion of privacy, humiliation, and emotional pain in an amount to be determined at trial.

17. The actions and omissions by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and callous disregard for Plaintiffs' rights, justifying the award of exemplary and punitive damages in an amount to be determined at trial.

18. As a result of the above actions and omissions, Plaintiffs retained attorneys to assist them in this action and request payment of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988 or any other provision set by law.

## COUNT I
## PLAINTIFFS AGAINST DEFENDANT OFFICERS FOR AN UNREASONABLY PROLONGED DETENTION IN VIOLATION OF THE FOURTH AMENDMENT

19. Plaintiffs hereby incorporate and reallege paragraphs one (1) through eighteen (18) hereof as though fully set forth at this place.

20. Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

21. Defendant Officers violated Plaintiffs' rights by keeping them handcuffed and detained after identifying that what appeared to be a firearm was a pepper ball gun, which was not contraband. The continued detention was unreasonably prolonged and therefore violated Plaintiffs'

Constitutional rights. As a result, Defendant Officers are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFFS AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT**

22. Plaintiffs incorporate and reallege paragraphs one (1) through eighteen (18) as fully set forth at this place.

23. Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

24. Defendant Officers violated Plaintiffs' Constitutional rights by arbitrarily intruding into the security and privacy of their vehicle upon finding the pepper ball gun. Defendant Officers violated Plaintiffs' rights individually and/or in a supervisory capacity by searching their vehicle without just cause. This action was unnecessary, unreasonable, excessive, and violated Plaintiffs' rights. As a result, Defendant Officers are liable to Plaintiff under 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFFS AGAINST THE VILLAGE OF OAK LAWN IN VIOLATION OF THE STATE LAW CLAIMS OF FALSE IMPRISONMENT/ARREST**

25. Plaintiffs incorporate and reallege paragraphs one (1) through eighteen (18) as though fully set forth at this place.

26. Defendant Officers intentionally confined Plaintiffs within fixed boundaries by handcuffing them.

27. Plaintiffs were aware of the confinement and/or were harmed by it.

28. Defendant Officers violated the law by falsely imprisoning/arresting Plaintiff upon finding and identifying a pepper ball gun.

29. Plaintiffs suffered emotional and other damages from the unlawful acts of Defendant

Officers.

30. Plaintiffs' imprisonment/arrest was unnecessary and unreasonable.

31. Thus, The Village of Oak Lawn is liable under the doctrine of *respondeat superior* for the state law claims of false imprisonment/arrest.

WHEREFORE, Plaintiffs Kamil Fudali and Magdalena Jaronczyk, by and through their attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. Defendants pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiffs' special damages;

3. Defendants pay Plaintiffs' attorneys fees pursuant to Section 1988 of Title 42 of the United States Code or any other applicable provision;

4. Defendant Officers pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiffs' costs of the suit herein incurred; and

6. Plaintiffs have such other and further relief as this Court may deem and proper.

BY: *<u>/s/ Peter T. Sadelski</u>*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: *<u>/s/ Peter T. Sadelski</u>*
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com